| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------------x<br>In re<br><br>Soni Holdings LLC,<br><br>                               Debtor.<br>-------------------------------------------------------------------x<br>New Falls Corporation,<br><br>                               Plaintiff,<br>       -against-<br><br>Soni Holdings LLC, Kunal Soni, Anjali Soni,<br>632 MLK BLVD JR LLC, Om P. Soni,<br>Soni Capital Resources, LLC, Weanona Hugie,<br>Richard Spears, Liel Shishi MLK LLC,<br><br>                               Defendants.<br>-------------------------------------------------------------------x | NOT FOR PUBLICATION<br><br><br>Chapter 7<br><br>Case No. 23-73863-reg<br><br><br><br><br><br>Adv. Pro. No. 24-8089-reg |

MEMORANDUM DECISION

(Re: ECF 18[1]. Read into the record on March 3, 2025)

Before the Court is the chapter 7 trustee's ("Trustee") motion for partial summary judgment ("Motion") on the second and third causes of action of the amended complaint which allege actual and constructive fraudulent conveyances of two properties which were owned by the Debtor, Soni Holdings LLC ("Debtor") pre-petition.

This action was originally commenced in 2019 in the District Court for the Eastern District of New York ("District Court") by the plaintiff New Falls Corporation ("New Falls"), a creditor in this bankruptcy case. This lawsuit was referred to this Court by Order of the District Court, dated October 1, 2024. EDNY Case No. 19-cv-00449.

---

[1] Unless otherwise stated, all ECF references in this Memorandum Decision refer to Adv. Pro. No. 24-8089.

The amended complaint filed in the District Court asserts a claim under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §1962, but also asserts two separate and distinct causes of action under New York state law to recover property, or the value of property, allegedly fraudulently transferred by the Debtor in a concerted effort to hinder, delay and defraud New Falls in its efforts to collect a debt. There are two properties in issue: one in Newark, New Jersey (the "Newark Property"), and another in Reunion, Florida (the "Florida Property").

The Trustee, without formally seeking to be substituted as plaintiff in the lawsuit, and without filing an amended complaint to assert his standing and right to recover the transferred properties under 11 U.S.C. § 544 and 550, states in his Motion that he is stepping into the shoes of New Falls under § 544 and therefore brings the Motion "as the Plaintiff herein." ECF 18-23, Mem. of Law at 1.

The Trustee contends that he is entitled to judgment as a matter of law because the undisputed facts show that the Debtor transferred the Newark Property and the Florida Property with actual intent to defraud New Falls, and that the transfers were constructively fraudulent because they were made to entities affiliated with the Debtor for no consideration.

Although the Defendants were initially represented by counsel and did file an answer to the amended complaint, their counsel has withdrawn. The Defendants purport to have retained new counsel but have not responded to the Motion.[2]

---

[2] On February 24, 2025, Marc A. Pergament, Esq. ("Pergament"), docketed an Affidavit stating that his firm Weinberg, Gross & Pergament LLP ("WGP"), was retained to represent the Soni Defendants in this adversary proceeding. ECF 25. On that same date, this Court issued an Order for Pergament to appear and show cause why WGP should be permitted to represent the Soni Defendants, which include principals and insiders of the Debtor, in light of his representation of the Debtor in the main bankruptcy case. ECF

Factual Background

Only the facts necessary to adjudicating the second and third causes of action will be included in this Decision. This Decision has no bearing on the asserted RICO claim.

According to the Defendants, Anjali Soni ("Anjali") is the sole member of the Debtor.[3] Anjali's son, Kunal Soni, is the "manager" of the Debtor. Case No. 23-73863, ECF 1, Company Resolution.

On May 14, 2007, the Debtor executed and delivered to New Falls's predecessor-in-interest, Regions Bank, a note (the "Note") for a loan in the sum of $301,216.50. This Note was signed by Om Soni ("Om"), Anjali's husband and Kunal's father, on behalf of the Debtor.

Also on May 14, 2007, Om executed a guaranty of the Note. ECF 18-6, Ex. B, Guaranty.

The Debtor defaulted on the Note in May of 2014. Decl. of Pete Barta in Supp. of Mot. for Partial Sum. J. ("Barta Decl."), ECF 18-3, ¶8.

The Note was assigned to New Falls on September 15, 2015.

On December 9, 2016, New Falls sued Om under the guaranty. That matter is still pending before the District Court. EDNY Case No. 16-cv-06805. Om claims his signature was forged, and he disputes that he guaranteed the debt.

---

26. At a hearing held on March 3, 2025, this Court found that WGP would not be permitted to represent the Soni Defendants in this adversary proceeding. ECF 34.

[3] The Court notes that in 2006, Anjali's husband, Om P. Soni, was the Debtor's sole member. ECF 18-7, Ex. C, 2006 Operating Agreement. In 2016, Anjali was listed as the sole member of the Debtor. ECF 18-15, Ex. K. The Defendants claim that Anjali was at all relevant times the sole member of the Debtor and she will be treated as such for purposes of this Decision. ECF 18-21, Ex. Q, ¶7, Answer.

<u>The Newark Property</u>

In 2011, the Debtor took title to the Newark Property. ECF 18-11, Ex. G.

From 2011 through April 2016, the Debtor held legal title to the Newark Property, and collected rents. ECF 18-12, Ex. H.

By deed recorded on April 4, 2016, while the Debtor was in default of the Note to New Falls, the Debtor transferred title to the Newark Property to Defendant, 632 MLK BLVD JR LLC ("632 MLK"), an entity owned by Kunal, for no consideration. ECF 18-15, Ex. K.

In January 2019, 632 MLK attempted to further transfer the Newark Property to Leil Shishi MLK LLC ("Leil Shishi"), which is alleged to be a non-existent entity. ECF 18-16, Ex. L; ECF 18-23 at 19-20.

<u>The Florida Property</u>

Prior to 2016, the Debtor also held legal title to the Florida Property. ECF 18-18, Ex. N.

By deed signed on May 11, 2016, and recorded on May 31, 2016, while the Debtor was in default of the Note to New Falls, the Debtor transferred title to the Florida Property from the Debtor to Anjali for no consideration.

In 2020, Anjali conveyed the Florida Property to a third-party for $220,000. ECF 18-18, Ex. N.

<u>The New Falls Judgment</u>

On February 22, 2018, a judgment was entered in the United States District Court for the District of Alabama in favor of New Falls against the Debtor in the amount of $265,834.84

("Alabama Judgment"). ECF 18-10, Ex. F.  On April 16, 2018, the Alabama Judgment was domesticated in New York by docketing in the Eastern District of New York. *Id*.

The District Court Litigation

In January 2019, New Falls filed the instant action in the District Court against the Debtor, Kunal, Anjali, 632 MLK, Om, Soni Capital Resources, LLC ("Soni Capital") (together, the "Soni Defendants"), and others, asserting claims under RICO, and New York Debtor Creditor Law ("DCL") §§ 273, 274, 276 and 276-a, among other claims.

New Falls sought and obtained an injunction from the District Court prohibiting the Soni Defendants from selling, transferring or otherwise encumbering the Newark Property. ECF 18-21, 22, Ex. Q, R, Report and Recommendation of Judge Tomlinson, dated July 5, 2019, and Memorandum Decision and Order of Judge Spatt, dated August 7, 2019. In granting the preliminary injunction, the District Court found that New Falls had established a likelihood of success on the merits of the amended complaint.

The Bankruptcy Case

On October 18, 2023, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code, which case was converted to Chapter 7 on December 26, 2023.

The Debtor's petition lists its only asset as real property in Missouri valued at $100,000. Case No. 23-73863, ECF 20. New Falls is a creditor in this case by virtue of the Alabama Judgment, which as of the bankruptcy filing date had grown in amount to $2,538,692.72. Case No. 23-73863, Claim No. 1.

Discussion

At the outset, the Court notes that the Trustee has filed this motion seeking judgment on the fraudulent conveyance causes of action of the amended complaint stepping into the shoes of the Plaintiff, New Falls, under 11 U.S.C. § 544. ECF 18-23, at 1. However, the Trustee has not as of yet been substituted in as Plaintiff in this matter. To the extent necessary, the Court will deem the Trustee's motion for summary judgment to be a motion to substitute him in as Plaintiff with respect to the fraudulent conveyance claims asserted in the amended complaint. *Cf. Shearer v. Oberdick (In re Oberdick)*, 490 B.R. 687, 698 (Bankr. W.D. Pa. 2013); *Geron v. Levine et al. (In re Levine)*, Case No. 00-15511 (PCB), Adv. Pro. No. 02-3492, 2007 WL 2048670 at *2-3 (Bankr. S.D.N.Y. 2007) (citing FRCP 15(a) and 17(a) - leave to amend should be freely given when justice so requires; trustee was real "party in interest" and thus proper party to pursue the claims.)

Applicable Legal Standard

Federal Rule of Civil Procedure 56, made applicable here by Bankruptcy Rule 7056, provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party bears the burden to demonstrate the absence of a genuine dispute as to any material fact, and all of the reasonable inferences to be drawn from the underlying facts must

be viewed by the court in the light most favorable to the party opposing the motion. *See Anderson*, 477 U.S. at 249, 255; *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 743 (2d Cir. 2003) (observing that the court's role is "to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inference in favor of that party, and to eschew creditability assessments").

Once the moving party satisfies its initial burden, "the burden then shifts to the nonmoving party to come forward with evidence sufficient to create a genuine dispute as to a material fact for trial." *Silverman v. United Talmudical Acad. Torah Vyirah, Inc.* (*In re Allou Distribs., Inc.*), 446 B.R. 32, 49 (Bankr. E.D.N.Y. 2011).

As the moving party, the Trustee bears the burden to demonstrate the absence of a genuine dispute of any material fact, and that he is entitled to judgment as a matter of law finding that the Debtor had actual and/or constructive intent to defraud New Falls.

The Court will analyze the second and third causes of action of the amended complaint as to the transfer of the Newark Property, and the Florida Property, but first will address the claim made by the Defendants that the Debtor was not the equitable owner of the Newark Property and therefore avoidance of a fraudulent conveyance by the Debtor is inappropriate.

The Alleged "Family Agreement"

In its answer to the amended complaint, the Debtor asserted an affirmative defense that the Plaintiff's claims are barred by an alleged agreement among the Soni Defendants, the so-called "Family Agreement."

The Family Agreement purports to be an agreement, entered into in August 2011, that the Debtor would purchase the Newark Property with funds contributed by Om, Kunal and Soni

Capital Resources LLC. According to the purported agreement, the Debtor was designated as the purchaser as a "temporary placeholder" because the purchase had to be completed quickly and it would "take time to setup a new LLC to house the Property." ECF 18-17, Ex M. Thus, the Soni Defendants argue that the Debtor was the legal owner of the Newark Property, but not the equitable owner.

The Family Agreement was allegedly notarized on August 26, 2011, by Defendant Wenona Hugie. However, the notary stamp reflects that Ms. Hugie's notary commission was set to expire on November 21, 2020. ECF 18-17, Ex. M. Notaries public in New Jersey only hold their respective offices for the term of five years. Therefore, according to her notary stamp, Ms. Hugie must have notarized the Family Agreement sometime after November 2015, not in 2011 when the agreement was supposedly executed. This fact was highlighted in Judge Tomlinson's Report and Recommendation to the District Court in ruling on New Falls' request to enjoin any further transfer of the Newark Property. As noted by Judge Tomlinson:

> [P]erhaps most egregiously, the date on the Notary Public's stamp indicating that the "Family Agreement" was not notarized in 2011 as Defendants purport, since the Notary's commission indicated it expired in 2020, effectively meaning the agreement could not have been executed before 2015. For all of these reasons, the Court finds that Plaintiff is likely to success on the merits of its fraudulent conveyance claims.

This Court will give no evidentiary weight to the Family Agreement as it appears to have been fabricated after the fact. In addition, there is no independent merit to the Defendants' argument that the Debtor was not the beneficial owner of the Newark Property. It is an undisputed fact that for the years 2011 through 2016, the Debtor held legal title to the Newark Property, filed tax returns as owner, and received rental payments. ECF 18-12, Ex. H; ECF 18-

11, Ex. G; ECF 18-15, Ex. K. This is consistent with full legal and equitable ownership by the Debtor.

The Defendants' affirmative defense based on the Family Agreement is denied.

Second Cause of Action of the Amended Complaint - New York Debtor Creditor Law § 276

New York DCL § 276 provides: "Every conveyance made, and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors."

Due to the difficulty of obtaining direct evidence of fraudulent intent, it is well settled that intent may be proven by circumstances surrounding the transfer which experience has shown often attend fraudulent conveyances, *i.e.,* the "badges of fraud". *See, e.g.*, *In re Sharp Intern. Corp.,* 403 F.3d 43, 56 (2d Cir. 2005). The presence of a single badge of fraud may cast suspicion on the transferor's intent, but "'the confluence of several in one transaction generally provides conclusive evidence of an actual intent to defraud.'" *Halperin v. Morgan Stanley Inv. Mgmt. (In re Tops Holding II Corp.),* 646 B.R. 617, 645 (Bankr. S.D.N.Y. 2022).

These "badges of fraud" may include (*inter alia*): "a close relationship between the parties to the alleged fraudulent transaction; a questionable transfer not in the usual course of business; inadequacy of the consideration; ... and retention of control of the property by the transferor after the conveyance." *In re Sharp Intern.*, 403 F.3d at 56.

In the case at bar, the undisputed facts contain sufficient evidence to establish the Trustee's claim under New York DCL § 276 as a matter of law with respect to the transfers of both the Newark and Florida Properties.

First, at the time of the Debtor's transfer of both properties in 2016, the Debtor was in default on its obligations to New Falls. According to the unrefuted Declaration of Pete Barta, President of New Falls, the Debtor, specifically Kunal Soni, was aware the debt was in default as Barta and Kunal had a conversation about it in March of 2016, shortly before the transfers. ECF 18-3, Barta Decl., ¶17.

Second, the transfers of both the Newark Property and the Florida Property were made for no consideration.

Third, the transfers of both properties were made to a member of the Om family, or an entity owned or controlled by an Om family member. The Newark Property was transferred from the Debtor to 632 MLK, an entity whose registered agent is Kunal, the Debtor's manager. ECF 18-15, Ex. K. The Florida Property was transferred from the Debtor to Anjali, the Debtor's sole member.

Fourth, after the transfers of both properties, the Debtor or a related individual retained control of the properties. The Florida Property was transferred to Anjali and owned by her until 2020. Beneficial ownership of the Newark Property remained with the Soni family after it was transferred to 632 MLK because of Kunal's interests in that entity. In addition, according to unrefuted evidence presented by the Trustee, the Debtor continued to collect rent from the Newark Property even after the transfer to 632 MLK. ECF 18-12, Ex. H.

The Trustee has thus established several badges of fraud in connection with the subject transfers which creates a strong presumption that the Debtor had actual intent to defraud New Falls. The Court finds that based on the undisputed facts, the Trustee has met his burden of proof

that he is entitled to judgment as a matter of law that the Debtor had actual intent to hinder, delay or defraud New Falls with respect to its transfers of the Newark and Florida Properties.

Third Cause of Action of the Amended Complaint - New York Debtor Creditor Law § 273

New York DCL § 273, one of New York's constructive fraudulent conveyance statutes, provides: "Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration."

The Trustee argues that because a) both conveyances were made without fair consideration, and b) the Debtor was presumptively insolvent at the time of the conveyances, there is sufficient evidence to establish constructive intent on behalf of the Debtor to defraud New Falls.

As previously stated, both properties were transferred for no consideration. The issue here is whether this Court can find as a matter of law that the Debtor was insolvent at the time of the transfers.

Insolvency is presumed when a conveyance is made without consideration. *See, e.g.*, *In re Tops Holding,* 646 B.R. at 659 (citing cases). The burden then shifts to the defendant to rebut the presumption of insolvency. The Soni Defendants have not filed any response to the Motion and therefore the presumption of insolvency has not been rebutted.

Even if this Court did not apply the presumption of insolvency, the Court notes that Kunal testified under oath that the Debtor was not an operational entity. ECF 18-13, Ex. I. In addition, after the transfers the Debtor had no assets other than real property in Missouri worth $100,000. At the time of the transfers of the Newark Property and the Florida Property, the

Debtor owed New Falls at least $265,834.84. Transfer of the properties, therefore, would have rendered the Debtor insolvent.

Based on the foregoing, the Court finds as a matter of law that the Debtor's transfers of the Newark Property and the Florida Property in 2016 were fraudulent conveyances pursuant to New York DCL § 273.

## Conclusion

Upon submission of an appropriate judgment by the Trustee, the Court will enter judgment as a matter of law finding that the transfers of both the Newark Property and the Florida Property were fraudulent under New York DCL §§ 273 and 276. However, because the Trustee did not seek to amend the complaint to address his assumption of these claims on behalf of this bankruptcy estate, the Trustee has sought no relief under 11 U.S.C. § 550, which is the provision of the Bankruptcy Code which allows a trustee to recover, for the benefit of the estate, property that was fraudulently transferred. The Court cannot grant relief under § 550 where it was not requested.



Dated: Central Islip, New York
March 7, 2025

Robert E. Grossman
United States Bankruptcy Judge