| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------------X<br>In re:<br><br>SONI HOLDINGS, LLC,<br><br>                                  Debtor.<br>-----------------------------------------------------------------X<br>NEW FALLS CORPORATION and MARK A.<br>FRANKEL, Not Individually but Solely in His<br>Capacity as Chapter 7 Trustee of Soni Holdings, LLC,<br><br>                                  Plaintiff,<br><br>v.<br><br>SONI HOLDINGS, LLC, KUNAL SONI, ANJALI<br>SONI, 632 MLK BLVD JR LLC, OM P. SONI, SONI<br>CAPITAL RESOURCES, LLC, WEANONA HUGIE<br>and RICHARD SPEARS,<br><br>                                  Defendants.<br>-----------------------------------------------------------------X | FOR PUBLICATION<br><br><br>Chapter 7<br><br>Case No. 23-73863-spg<br><br><br><br><br><br><br><br>Adv. Pro. No. 24-08089-spg |

## MEMORANDUM OPINION

**Appearances:**

THE MEAD LAW FIRM, P.C.
*Self-Represented*
3033 Brighton 3rd Street
Brooklyn, New York 11235
By:    Wesley Mead, Esq.

VLOCK & ASSOCIATES, P.C.
*Counsel for Plaintiff New Falls*
*Corporation and Special Litigation*
*Counsel to Mark A. Frankel,*
*Chapter 7 Trustee of Soni Holdings, LLC*
630 Third Avenue, 18th Floor
New York, New York 10017
By:    Steven Giordano, Esq.

# TABLE OF CONTENTS

I. INTRODUCTION……………………………………………………………………...1

II. BACKGROUND……………………………………………………………………….1

III. DISCUSSION……………………………………………………………….………..…6

 A. The Mead Firm's Application to Intervene Under Civil Rule 24………………….6

 B. The Mead Firm's Request for Relief from the Automatic Stay…………………...11

IV. CONCLUSION……………………………………………….……………………13

**THE HONORABLE SHERYL P. GIUGLIANO**
**UNITED STATES BANKRUPTCY JUDGE**

## I. INTRODUCTION

Pending before this Court is an omnibus letter motion [Bankruptcy Case docket, ECF No. 213] (the "Omnibus Motion"), filed November 6, 2025, of Wesley Mead, Esq. ("Mr. Mead") on behalf of The Mead Law Firm, P.C. (the "Mead Firm") in connection with the adversary proceeding, styled *New Falls Corporation, et al., v. Soni Holdings, LLC, et al.* [Adv. Pro. No. 24-08089-spg] (the "Adversary Proceeding"), and the damages trial held therein on November 7, 2025 and November 17, 2025 (the "Damages Trial").[1] The Omnibus Motion is opposed by plaintiff New Falls Corporation ("New Falls" or "Plaintiff"), which filed a letter objection [Bankruptcy Case docket, ECF No. 225] (the "Objection") on November 21, 2025.

The Court has carefully reviewed the Omnibus Motion and the Objection, and thoughtfully considered the arguments interposed therein. After due deliberation, the Court finds that for the reasons set forth below, the Omnibus Motion is **DENIED** in its entirety.

## II. BACKGROUND

The Adversary Proceeding originated as a civil action commenced in the United States District Court for the Eastern District of New York (the "District Court") [Case No. 19-cv-00449-HG-LGD] on January 23, 2019 by New Falls, through its counsel, Vlock & Associates, P.C. ("Vlock & Associates"). Pursuant to the *Amended Complaint and Demand for Jury Trial* [District Court docket, ECF No. 26], dated March 15, 2019, the named defendants to the litigation included

---

[1] The Omnibus Motion was filed in the main bankruptcy proceeding of Soni Holdings, LLC (the "Debtor"), but the requested relief principally concerns the Adversary Proceeding. Accordingly, the Omnibus Motion is treated by the Court as having been filed in the Adversary Proceeding. Unless otherwise specified herein, references to numbered CM/ECF entries shall be with respect to the docket of the Adversary Proceeding [Adv. Pro. No. 24-08089-spg].

at the time: (i) the Debtor; (ii) Kunal Soni; (iii) Anjali Soni; (iv) 632 MLK Blvd Jr LLC; (v) Om P. Soni; (vi) Soni Capital Resources, LLC; (vii) Kanwal Kapur[2]; (viii) Weanona Hugie; and (ix) Richard Spears. New Falls brought the action to pursue relief, in pertinent part, under the civil damage provisions of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, *et seq.* ("RICO") to recover damages arising on account of defendants' alleged unlawful acts directed at preventing New Falls from collecting a certain underlying judgment (the "Underlying Judgment").

At the outset of the litigation, the Debtor, Kunal Soni, Anjali Soni, Soni Capital Resources, LLC, 632 MLK Blvd Jr LLC, and Om P. Soni (collectively, the "Soni Defendants") were represented by Kenneth A. Reynolds, Esq. of The Law Offices of Kenneth A. Reynolds, Esq., P.C. (the "Reynolds Firm"). On July 25, 2019, the Mead Firm filed a stipulation [District Court docket, ECF No. 60] substituting the Mead Firm as counsel of record for the Soni Defendants in place and instead of the Reynolds Firm. On July 26, 2019, the Mead Firm filed a notice of appearance as counsel to the Soni Defendants [District Court docket, ECF No. 61].

On October 18, 2023, after years of litigation before the District Court, the Debtor commenced the instant bankruptcy proceeding with the filing of a voluntary petition under chapter 11 of title 11, United States Code (the "Bankruptcy Code"). On December 26, 2023, the Debtor's case was converted to one under chapter 7 of the Bankruptcy Code. New Falls petitioned the District Court to refer the litigation to this Court. On October 1, 2024, over the objection of the Soni Defendants, the District Court entered an order referring the matter to this Court, which took effect on October 4, 2024.

---

[2] On March 31, 2020, the District Court entered an order [District Court docket, ECF No. 101] dismissing all claims against defendant Kanwal Kapur with prejudice.

On December 19, 2024, this Court entered an Order [ECF No. 11] granting the Mead Firm's oral application to be relieved as counsel of record to the Soni Defendants. The termination of the Mead Firm's representation of the Soni Defendants took effect that same date.

On January 9, 2025, over a year later, the Mead Firm filed a proof of claim in the Debtor's bankruptcy case [Claim No. 4-1] for unpaid legal services related to the Adversary Proceeding performed on behalf of the Debtor (and the other Soni Defendants) from July 9, 2019 through December 11, 2024. The proof of claim was signed by Mr. Mead on the Mead Firm's behalf, asserted a general unsecured claim against the Debtor in the amount of $97,388.92, and attached evidence in support of the claim, including a copy of the Soni Defendants' retainer agreement, executed July 9, 2019, and copies of the Mead Firm's billing statements, the last of which had been emailed to the Soni Defendants on January 6, 2025.

On March 7, 2025, this Court, by the Honorable Robert E. Grossman[3], issued a memorandum decision [ECF No. 50] (the "Memorandum Decision") granting partial summary judgment in favor of Plaintiff[4], subject to a later entry of judgment upon proper motion to further amend the complaint. On May 2, 2025, after Plaintiff filed and served its *Second Amended Complaint and Demand for Jury Trial* [ECF No. 40-4] (the "Second Amended Complaint"), dated March 25, 2025, the Court granted Plaintiff's motion to amend the complaint [ECF No. 51]. On July 3, 2025, Plaintiff moved for a default judgment on the remaining causes of action in the Second Amended Complaint — namely, the first, fifth, sixth, and seventh causes of action — and

---

[3] The Adversary Proceeding and the Debtor's main bankruptcy proceeding were reassigned to the Honorable Sheryl P. Giugliano by administrative order entered September 5, 2025 [ECF No. 91; Bankruptcy Case docket, ECF No. 202].

[4] The Memorandum Decision recognized that while plaintiff New Falls may have commenced the litigation that became the Adversary Proceeding, Mark A. Frankel, the chapter 7 trustee of the Debtor's estate, effectively "stepp[ed] into the shoes of New Falls under [11 U.S.C.] § 544" as the Plaintiff herein. *See* Memorandum Decision, p. 2.

further sought to set the matter down for a trial on damages against all defendants, including defendants Weanona Hugie and Richard Spears. On August 9, 2025, this Court, again by Judge Grossman, issued an *Order and Judgment* [ECF No. 84], determining liability in favor of Plaintiff subject to a trial on damages, which was scheduled to commence November 7, 2025 — *i.e.*, the Damages Trial.

On October 31, 2025, one week before the Damages Trial, Eric J. Warner, Esq. ("Mr. Warner") of the Law Office of Eric J. Warner, LLC, counsel of record to defendants Weanona Hugie and Richard Spears, filed a letter to the Court [ECF No. 105] (the "Adjournment Request") requesting an adjournment of the Damages Trial. In the Adjournment Request, Mr. Warner stated that he represented defendants Weanona Hugie and Richard Spears, as well as "proposed intervenor" Mr. Mead, even though no intervenor motion was filed. Mr. Warner indicated that Mr. Mead had "only recently retained [his] office to appear on [Mr. Mead's] behalf in connection with the upcoming inquest," and Mr. Warner consequently needed more time to prepare a meaningful presentation. Adjournment Request, p. 1. The Adjournment Request did not address why Mr. Warner would need more time to prepare for the "upcoming inquest" on November 7, 2025 when he had knowledge of an imminent trial on damages since August 9, 2025 and was presumably prepared to go ahead on behalf of defendants Weanona Hugie and Richard Spears. Plaintiff immediately filed a responsive letter [ECF No. 106] (the "Responsive Letter") opposing the Adjournment Request, and highlighting, among other things, that "Wesley Mead is not a party to this adversary proceeding and has no standing herein to request an adjournment." Responsive Letter, p. 1.

On November 3, 2025, this Court held a conference by telephone in response to the Adjournment Request and opposition from Plaintiff (the "Conference"). During the Conference,

the Court noted that: (i) Mr. Mead was not a party to the Adversary Proceeding; (ii) Mr. Mead and Mr. Warner had known about an imminent trial on damages for three (3) months but waited one (1) week beforehand to request an adjournment solely for Mr. Mead, a non-party; and (iii) while Mr. Warner may have described Mr. Mead as a "proposed intervenor," there was no motion to intervene pending before the Court, only a letter filed requesting an adjournment of the long scheduled Damages Trial.  The Court determined to move forward with the Damages Trial as scheduled and entered a *Joint Pretrial Order* [ECF No. 110] to which Mr. Warner stipulated only on behalf of defendants Weanona Hugie and Richard Spears and not Mr. Mead, a non-party.

On November 6, 2025, the afternoon before the Damages Trial, Mr. Warner filed the Omnibus Motion for Mr. Mead on the docket of the Debtor's main bankruptcy proceeding, which sought entry of an order: (i) granting the Mead Firm's intervention in the Adversary Proceeding as of right or by permission under rule 24 of the Federal Rules of Civil Procedure (the "Civil Rules"); (ii) continuing the Damages Trial to extend it beyond November 7, 2025 pending a ruling on the Omnibus Motion so as to afford Mr. Mead the opportunity to gather and present evidence that would limit Plaintiff's damages and, in turn, improve the Mead Firm's recovery on its proof of claim; (iii) disqualifying Vlock & Associates as counsel to the chapter 7 trustee and limiting Plaintiff's RICO damages; and (iv) granting relief from the automatic stay to allow Mr. Mead to pursue an appeal of sanctions imposed against him in a state court action involving the Debtor, which appeal is presently pending before the New York State Appellate Division, Second Department.  The Omnibus Motion was not noticed with a hearing date or a deadline for objections. The Court proceeded forward with the two-day Damages Trial as scheduled on November 7, 2025 and November 17, 2025, and directed Plaintiff to file a response to the Omnibus Motion. On November 21, 2025, Plaintiff filed the Objection.  Thereafter, the matter was marked submitted.

### III.  DISCUSSION

A.  **The Mead Firm's Application to Intervene Under Civil Rule 24**

Upon consideration of the totality of the circumstances surrounding the Omnibus Motion, and for the reasons set forth below, the Court finds that the Mead Firm's application to intervene must be denied because it is untimely.

Civil Rule 24, which applies in adversary proceedings pursuant to rule 7024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), governs the intervention of a non-party in a pending litigation, either as of right or with the court's permission. *See generally* FED. R. CIV. P. 24; FED. R. BANKR. P. 7024.  The Mead Firm, a non-party to the Adversary Proceeding, principally moves to intervene in the Adversary Proceeding as of right under Civil Rule 24(a)(2) but also contends that permissive intervention would be appropriate under Civil Rule 24(b).

"To be granted intervention as of right or by permission, 'an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action.'" *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014) (quoting "*R" Best Produce, Inc. v. Shulman–Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006)).  The applicant bears the burden of demonstrating that it meets these requirements. *See Kamdem-Ouaffo v. Pepsico*, 314 F.R.D. 130, 134 (S.D.N.Y. 2016) (citing *Seils v. Rochester City Sch. Dist.*, 199 F.R.D. 506, 509 (W.D.N.Y. 2001)).  The law in this Circuit is clear that the applicant's "[f]ailure to satisfy *any one* of these four requirements is a sufficient ground to deny the application." *Floyd*, 770 F.3d at 1057 (emphasis in original).

"Under both relevant provisions of [Civil] Rule 24, the threshold inquiry is whether the application for intervention is timely." *Kamdem-Ouaffo*, 314 F.R.D. at 134; *see* FED. R. CIV. P.

24(a), (b)(1). "Timeliness is an essential element of a motion to intervene" and, consequently, a gatekeeping factor to an otherwise tenable application. *Bernheim v. Damon and Mory, LLP*, No. 06-BK-3386, 2007 WL 1858292, at *2 (2d Cir. June 28, 2007).

"Whether a motion to intervene is timely is determined within the sound discretion of the trial court from all the circumstances." *U.S. v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994); *see U.S. v. Yonkers Bd. of Educ.,* 801 F.2d 593, 594–95 (2d Cir. 1986) ("The timeliness requirement is flexible and the decision is one entrusted to the district judge's sound discretion."). When determining whether a motion to intervene is timely, courts consider, among other things, the following factors: "(1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." *Pitney Bowes, Inc.*, 25 F.3d at 70. "While courts use these four factors as a guide, the determination of whether a motion to intervene is timely must be evaluated against the totality of the circumstances before the court." *Kamdem-Ouaffo*, 314 F.R.D. at 134 (citing *D'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir. 2001)) (internal quotation omitted).

First, the Mead Firm had notice of its alleged interest in the Adversary Proceeding long before the Omnibus Motion was filed. At the time of referral to this Court in 2024, the Mead Firm represented the Soni Defendants in the Adversary Proceeding. The Mead Firm's representation of the Soni Defendants terminated on December 19, 2024. On January 9, 2025, the Mead Firm filed a proof of claim in the Debtor's main bankruptcy case. However, the Mead Firm did not file the Omnibus Motion until November 6, 2025, ten (10) months after filing its proof of claim and one (1) day before the Damages Trial was scheduled to begin.

The Omnibus Motion offers no explanation for the Mead Firm's delay in seeking to intervene in the Adversary Proceeding. Courts in this Circuit have routinely found applications to intervene involving comparable, and even shorter, delays to be untimely. *See, e.g.*, *MasterCard Int'l Inc. v. Visa Int'l Service Ass'n, Inc.*, 471 F.3d 377, 390−91 (2d Cir. 2006) (affirming district court's finding that an application to intervene delayed by less than one year was untimely); *In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 198–99 (2d Cir. 2000) (holding that an application to intervene delayed by eight months was untimely); *Levin v. United States*, 633 Fed. Appx. 69, 70−71 (2d. Cir. 2000) (affirming district court's finding that an application to intervene delayed between eight and ten months was untimely); *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 71 (2d Cir. 1994) (affirming district court's denial of an application to intervene as untimely where proposed intervenor had actual knowledge of interest for eight months before seeking intervention); *Rudolph v. Hudsons Bay Co.*, No. 18-cv-8472, 2019 WL 1416986, at **2−3 (S.D.N.Y. March 29, 2019) (finding that an application to intervene delayed by nearly nine months was untimely).

Second, the Mead Firm's inexplicable delay in filing the Omnibus Motion has already resulted in, and if granted would cause, additional prejudice to the existing parties to the Adversary Proceeding. That prejudice includes not only the added costs that Plaintiff incurred in responding to the Omnibus Motion, but also those that would be incurred if this Court allowed the Mead Firm to force duplicative litigation efforts by the actual parties to the Adversary Proceeding.

It bears emphasis that the Mead Firm filed the Omnibus Motion the afternoon before the Damages Trial was scheduled to begin. The Mead Firm's last-minute filing fails to offer any good faith basis for the "emergency" request and asks this Court to continue the Damages Trial pending a ruling on the Omnibus Motion. The Mead Firm asserts that continuing the Damages Trial would

afford the Mead Firm, a non-party, time to raise and present evidence concerning three categories of issues directly related to the Adversary Proceeding, as follows: (i) that Plaintiff is not entitled to treble damages or attorney's fees under the RICO statute for various reasons, chief among them that the Underlying Debt is not "uncollectible" under prevailing Second Circuit case law; (ii) that the default judgment obtained by Plaintiff in the Adversary Proceeding was procedurally defective; and (iii) that Vlock & Associates' representation of Plaintiff in the Adversary Proceeding presents a disqualifying conflict of interest. These issues were raised and explored extensively over the course of the two-day trial at great expense and effort by the parties involved. Indeed, at the close of the second day of trial, the Court directed the parties to submit post-trial briefs concerning, in relevant part, the collectability and conflict disqualification issues. The Court is satisfied that the continuation of the Damages Trial to allow Mr. Mead to opine on these issues as well would not bring forward any new meaningful arguments or evidence not already presented by Mr. Warner, with whom the Mead Firm was clearly in regular contact. Continuing the Damages Trial at this point would only serve to unduly prejudice the parties involved by increasing costs and further delaying a ruling from this Court.

Third, the Mead Firm failed to and likely cannot establish that it will be prejudiced if it cannot intervene in the Adversary Proceeding, because it has other sources of recovery besides the Debtor. While the Mead Firm argues that its claim against the Debtor in the main case will be extinguished if Plaintiff is awarded damages in the Adversary Proceeding, Plaintiff rightly notes that the Debtor was not the Mead Firm's only client. *See* Objection, p. 8. As evidenced by the signed retainer agreement attached to the Mead Firm's proof of claim, the Mead Firm also represented the other Soni Defendants — Kunal Soni, Anjali Soni, Soni Capital Resources, LLC,

9

MLK Blvd Jr LLC, and Om P. Soni — none of whom are a debtor in a pending bankruptcy case.[5] Each invoice attached to the proof of claim was sent to these other non-debtor parties. As such, the Mead Firm is free to seek payment for legal services performed from numerous parties other than the Debtor, and undue prejudice will not be imposed as a result thereof. In fact, there is nothing to the knowledge of this Court preventing the Mead Firm from pursuing that recovery, and yet the Mead Firm appears to be sitting on its rights in connection with those claims as well.

Fourth, the Mead Firm failed to articulate any unusual circumstances militating against the findings above. "For example, if a would-be intervenor who failed to apply for intervention promptly after he became aware of his interest in the case could advance a convincing justification for his tardiness, such as that for reasons other than lack of knowledge he was unable to intervene sooner, this would militate in favor of a finding that his petition was timely." *Stallworth v. Monsanto Co.*, 558 F.2d 257, 266 (5th Cir. 1977); *City of Bloomington, Ind. v. Westinghouse Elec. Corp.*, 824 F.2d 531, 537 (7th Cir. 1987). The Court does not believe that a law firm with knowledge of its claim and the pending action sitting on its rights for at least ten (10) months is sufficient.

The Mead Firm's application to intervene in the Adversary Proceeding via the Omnibus Motion is therefore denied in its entirety as untimely along with its request to continue the Damages Trial.[6] The Court accordingly declines to entertain the Omnibus Motion's related

---

[5] The Court notes that on March 4, 2026, Mr. Warner filed a letter to the Court [Bankruptcy Case docket, ECF No. 250], stating that he had reason to believe, though could not independently verify, that defendant Om P. Soni had passed away since this matter was deemed fully submitted. Even so, the Mead Firm may be able to pursue recovery from the assets of Om P. Soni's estate.

[6] Given this threshold defect, the Court need not discuss whether the Mead Firm satisfies the remaining requirements to intervene as of right or by permission under Civil Rule 24.

requests to disqualify Vlock & Associates as counsel to the chapter 7 trustee and limit Plaintiff's RICO damages.[7]

### B. The Mead Firm's Request for Relief from the Automatic Stay

The balance of the relief requested in the Omnibus Motion, which seeks relief from the automatic stay in the Debtor's case, is denied in its entirety, without prejudice to the Mead Firm's right to refile a properly noticed motion in the main case setting forth the specific legal and factual bases for the relief sought.

The Omnibus Motion seeks relief from the automatic stay in the Debtor's case to allow Mr. Mead to continue his appeal of certain state court sanctions levied against him, which appeal is presently pending before the New York State Appellate Division, Second Department. Presumably, the Mead Firm moves to lift the automatic stay *for cause* under 11 U.S.C. § 362(d)(1), but the Omnibus Motion is bereft of factual or legal support. In fact, rather than detail the specific legal and factual bases for such stay relief, the request merely consists of the following single bullet point:

- I request that the Court lift the Bankruptcy Stay with respect to the appeal in the Appellate Division, 2nd Dept. - *New Falls Corporation v. Soni Holdings, LLC*, Docket #: 2022-03105; #2022-07948; #2022-07930; the appeal involves sanctions of $500 which Mr. Giordano continues to harp upon yet it was issued in direct contravention to the 2nd Department's precedent in *Vera v. Soohoo*, 99 AD 3d 990 (2nd Dept. 2012) allow an attorney to alert a court to a potential conflict between two or more courts which are both scheduled to proceed, and may potentially conflict – the appeal was fully briefed and ready for oral arguments to be set prior to the Bankruptcy Stay – and the case law is overwhelmingly definitive that the

---

[7] As referenced above, the Court directed the parties to the Adversary Proceeding to file post-trial briefs concerning the possible need to disqualify Vlock & Associates as counsel to the chapter 7 trustee due to an alleged conflict of interest as well as collectability as a possible justification for limiting Plaintiff's RICO damages. Those issues will be addressed by the Court.

11

> Justice Gugerty erred as a matter of law (an error that Mr. Giordano takes every opportunity to repeat to disparage counsel).[8]

Omnibus Motion, p. 2.

Procedurally, this request does not comply with rule 9013-1(a) of the Local Bankruptcy Rules for the Eastern District of New York (the "Local Rules"), which requires citations to the applicable rules and statutory authorities upon which the relief requested is predicated and a discussion of their application to the motion.

Specifically, Local Rule 9013-1(a) provides as follows:

> (a) *Rule or Statutory Basis.*
>
> A motion shall be in writing, unless made during a hearing, and shall specify the rules and statutory provisions upon which it is based and the legal authorities that support the requested relief, either in the motion or in a separate memorandum of law, and the factual grounds for relief. *Failure to provide this information may be grounds to . . . deny the motion.*

Bankr. E.D.N.Y. Local R. 9013-1(a) (emphasis added). This local rule supplements Bankruptcy Rule 9013, which provides, in pertinent part, that "[a] motion must state its grounds with particularity and set forth the relief or order requested." FED. R. BANKR. P. 9013(b). While this Court has the "inherent power to decide when a departure from its Local Rules should be excused or overlooked" (*In re Spiefogel*, 237 B.R. 555, 561 (E.D.N.Y. 1999)), the Court declines to excuse the instant deficiencies in this case where the request at issue was made by a professional firm appearing in this Court.

In addition to these procedural defects, the Mead Firm's request for relief from the automatic stay is substantively deficient. The request in the Omnibus Motion for stay relief fails to cite to any supporting authority from the Bankruptcy Code, the Bankruptcy Rules, or case law,

---

[8] This excerpt is quoted verbatim, and consequently, any grammatical errors contained therein are preserved from the Omnibus Motion.

and further fails to articulate the relevant supporting facts with sufficient detail. Such deficiencies are inexcusable from an attorney practicing before this Court. For these reasons, the Mead Firm does not meet its burden of proof. Moreover, the bullet-point request contained in the Omnibus Motion fails to establish the minimum record necessary for the Court to conduct a proper stay relief analysis — including the controlling factors set forth in *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280 (2d Cir. 1990) — to determine whether cause exists to lift the automatic stay under 11 U.S.C. § 362(d)(1).

## IV.  CONCLUSION

For the foregoing reasons, the Omnibus Motion is **DENIED** in its entirety. The Court will enter order consistent with the rulings set forth herein.



Dated: Central Islip, New York
March 6, 2026

_____
Sheryl P. Giugliano
United States Bankruptcy Judge

13